UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED SPECIALTY INSURANCE COMPANY and HUDSON EXCESS INSURANCE COMPANY,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned counsel, Reid & Associates, as and for its Complaint against Defendants, United Specialty Insurance Company ("United Specialty") and Hudson Excess Insurance Company ("Hudson"), alleges as follows:

**NATURE OF THE ACTION**

1.      Travelers is providing a defense to Reidy Contracting Group LLC ("Reidy") in a lawsuit entitled *Franco Valdes v. Schuman 673/16 LLC, et al.*, in the Supreme Court of the State of New York, County of Queens, Index Number 709655/2019 (the "Underlying Action").

2.      In this action, Travelers seeks a declaration that United Specialty and Hudson are obligated to defend and indemnify Reidy as an additional insured under the policies of insurance issued by United Specialty and Hudson, on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Reidy in the Underlying Action.

1

## THE PARTIES

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, defendant United Specialty is a Delaware corporation with its principal place of business located in Bedford, Texas.

5. Upon information and belief, at all times relevant hereto, defendant Hudson is a Delaware corporation with its principal place of business located in New York, New York.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. In the Underlying Action, Franco Valdes ("Claimant") seeks recovery for alleged personal injuries including but not limited to fracture of the first metatarsal of the right foot; comminuted extraarticular fracture of the first metatarsal neck of the right foot; and partial tears of the anterior and posterior talofibular ligaments and deep tibiotalar fibers of the deltoid ligament of the right ankle requiring arthroscopic surgery. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

9. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policies issued by United Specialty and Hudson.

10. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

11. United Specialty issued a commercial general liability insurance policy to Genuine Construction Inc. ("Genuine") bearing policy number PSS1700244 for the policy period November 2, 2017 to November 2, 2018 (the "United Specialty Policy").

12. Subject to certain terms, conditions, and exclusions, the United Specialty Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. The United Specialty Policy contains a Blanket Additional Insured endorsement (Endorsement #3) that modifies the commercial general liability coverage part, and provides in relevant part:

> It is agreed that this Policy shall include as additional Insureds any person or organization to whom the Named Insured has agreed by written contract to provide coverage, but only with respect to operations performed by or on behalf of the Named Insured and only with respect to occurrences subsequent to the making of such written contract.

14. Hudson issued a commercial general liability insurance policy to Anfield Interiors, Inc. ("Anfield") bearing policy number HXMP100963 for the policy period April 20, 2018 to April 20, 2019 (the "Hudson Policy").

15. Upon information and belief, the Hudson Policy contains an Additional Insured – Owners, Lessees or Contractors – Automatic Status for Other Parties When Required in Written Construction Agreement endorsement that modifies the commercial general liability coverage part, and provides in relevant part:

> **A. Section II – Who Is An Insured** is amended to include as an additional insured:
>
> 1. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or

>> organization be added as an additional insured on your policy; and
>
> 2. Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph **1.** above.
>
> Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
>> a. Your acts or omissions; or
>>
>> b. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

16. Travelers issued a commercial general liability insurance policy to Reidy bearing policy number DTJCO-1E402977 for the policy period March 24, 2018 to March 24, 2019 (the "Travelers Policy").

17. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

18. The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available to Reidy as an additional insured.

## BACKGROUND FACTS

19. Reidy retained Genuine to perform certain work at 34-01 Steinway Street, Long Island City, NY pursuant to a Master Subcontractor Agreement dated January 11, 2016 (the "Genuine Subcontract").

20. The terms of the Genuine Subcontract require Genuine to purchase and maintain commercial general liability insurance naming Reidy as an additional insured on a primary and non-contributory basis.

21. The terms of the Genuine Subcontract require Genuine to indemnify, protect, defend, and hold Reidy harmless against any claims arising out of or resulting from performance of subcontracted work.

22. Reidy retained Anfield to perform certain work at 34-01 Steinway Street, Long Island City, NY pursuant to a Master Subcontractor Agreement dated December 1, 2016 (the "Anfield Subcontract").

23. The terms of the Anfield Subcontract require Anfield to purchase and maintain commercial general liability insurance naming Reidy as an additional insured on a primary and non-contributory basis.

24. The terms of the Anfield Subcontract require Anfield to indemnify, protect, defend, and hold Reidy harmless against any claims arising out of or resulting from performance of subcontracted work.

25. In the Underlying Action, Claimant alleges that, on or about May 31, 2018, he was working at a construction site located at 34-01 Steinway Street, Long Island City, NY when a steel beam being used in the construction and/or installation of a staircase fell onto his right foot, resulting in personal injury.

26. Claimant was acting in the scope of his employment for Anfield at the time of the incident alleged in the Underlying Action.

27. Genuine was responsible for the construction and/or installation of the subject staircase at 34-01 Steinway Street, Long Island City, NY.

28. In the Underlying Action, Claimant asserts causes of action against various defendants, including Reidy and Genuine, seeking to recover for his injuries based on theories of negligence and violations of the New York Labor Law.

29. Travelers has been providing and continues to provide Reidy a defense in the Underlying Action.

## TENDERS TO UNITED SPECIALTY

30. By letter dated February 18, 2019, Travelers tendered the defense and indemnity of Reidy to Genuine and United Specialty.

31. United Specialty rejected Travelers' tender by correspondence dated March 4, 2019.

32. By e-mail dated March 19, 2019, Travelers retendered the defense and indemnity of Reidy to United Specialty.

33. United Specialty rejected Travelers' retender by correspondence dated March 19, 2019.

34. By letter dated August 7, 2019, Travelers retendered the defense and indemnity of Reidy to United Specialty.

35. United Specialty rejected Travelers' retender by correspondence dated September 12, 2019.

36. United Specialty has refused to provide additional insured coverage to Reidy under the United Specialty Policy.

37. United Specialty has refused to provide a defense to Reidy under the United Specialty Policy.

**TENDERS TO HUDSON**

38. By letter dated July 23, 2018, Travelers tendered the defense and indemnity of Reidy to Anfield and Hudson.

39. By letter dated August 7, 2019, Travelers retendered the defense and indemnity of Reidy to Hudson.

40. Hudson rejected Travelers' retender by correspondence dated November 19, 2021.

41. Hudson has refused to provide additional insured coverage to Reidy under the Hudson Policy.

42. Hudson has refused to provide a defense to Reidy under the Hudson Policy.

**CAUSE OF ACTION FOR DECLARATORY RELIEF**

43. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "40" above as if fully set forth herein.

44. Reidy qualifies as an additional insured under the United Specialty Policy.

45. Reidy qualifies as an additional insured under the Hudson Policy.

46. Reidy is entitled to a defense under the United Specialty Policy.

47. Reidy is entitled to a defense under the Hudson Policy.

48. Reidy is entitled to indemnification under the United Specialty Policy for any verdict or judgment rendered against it in the Underlying Action.

49. Reidy is entitled to indemnification under the Hudson Policy for any verdict or judgment rendered against it in the Underlying Action.

50. The coverages provided to Reidy under the United Specialty Policy and Hudson Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

51. United Specialty and Hudson have refused to fulfill their coverage obligations to Reidy with respect to the Underlying Action.

52. Accordingly, Travelers seeks a declaration that United Specialty and Hudson have an obligation to defend and indemnify Reidy as an additional insured under the United Specialty Policy and Hudson Policy; that the coverages provided by the United Specialty Policy and Hudson Policy to Reidy are primary; and that the obligations of Travelers to Reidy in the Underlying Action are excess to proper exhaustion and full payment of the limits of the United Specialty Policy and Hudson Policy.

53. In addition, Travelers seeks an award at law and in equity against United Specialty and Hudson for recovery of all sums Travelers has paid and continues to pay in the defense of Reidy in the Underlying Action because the coverages provided by the United Specialty Policy and Hudson Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that Reidy is an insured under the United Specialty Policy to whom United Specialty owes coverage with respect to the Underlying Action;

2. Declaring that Reidy is an insured under the Hudson Policy to whom Hudson owes coverage with respect to the Underlying Action;

3. Declaring that United Specialty has a duty to defend Reidy in connection with the Underlying Action;

4. Declaring that Hudson has a duty to defend Reidy in connection with the Underlying Action;

5. Declaring that United Specialty has a duty to indemnify Reidy in connection with the Underlying Action;

6. Declaring that Hudson has a duty to indemnify Reidy in connection with the Underlying Action;

7. Declaring that United Specialty's coverage obligations to Reidy with respect to the Underlying Action are primary to any coverage provided by Travelers to Reidy;

8. Declaring that Hudson's coverage obligations to Reidy with respect to the Underlying Action are primary to any coverage provided by Travelers to Reidy;

9. Declaring that the obligations of Travelers to Reidy in connection with the Underlying Action are excess and non-contributory to those of United Specialty;

10. Declaring that the obligations of Travelers to Reidy in connection with the Underlying Action are excess and non-contributory to those of Hudson;

11. Awarding judgment against United Specialty in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Reidy in the Underlying Action;

12. Awarding judgment against Hudson in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Reidy in the Underlying Action;

13. Awarding judgment against United Specialty in an amount equal to any sums that Travelers may incur to resolve and indemnify Reidy for the claims in the Underlying Action;

14. Awarding judgment against Hudson in an amount equal to any sums that Travelers may incur to resolve and indemnify Reidy for the claims in the Underlying Action;

15. Granting an award in favor of Travelers for the costs of suit incurred herein; and

16. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 1, 2021

REID & ASSOCIATES

By:   /s/ Lisa Szczepanski
Lisa Szczepanski
*Attorneys for Plaintiff Travelers Property Casualty Company of America*
T. (917) 778-6680
F. (844) 571-3789
E. lszczepa@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017